IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARSHA STANLEY**                                                                            **PLAINTIFFF**

v.                        No. 4:23-CV-01033-JM

**TERESA MCDERMOTT**                                             **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendants' Motion to Dismiss (Doc. No. 4). Plaintiff responded, Defendant replied, and Plaintiff filed a sur-reply.[1] For the reasons stated below, the motion is GRANTED.

**I.  BACKGROUND**

Plaintiff, who lives in North Little Rock, Arkansas sued Defendant Teresa McDermott, a resident of Connecticut, in her capacity as the Chief Financial Officer of Planet Home Lending. The 66-page filing is no model of clarity. Plaintiff's response and sur-reply to the pending motion are somewhat helpful. Plaintiff alleges breach of contract because Defendant did not properly apply payments to an outstanding mortgage. Plaintiff seeks "$1,000,000 for each day the breach continues."[2]

On October 8, 2023, Plaintiff wrote Defendant about her mortgage, and asserted:

> The documentation I am sending is my lawful form of payment in accordance with the Bill of Exchange Act 1882. As the consumer, I am exercising my rights in good faith. As stated in the Bill of Exchange Act 1882, section 55, Line 2, endorsed bills shall be accepted and paid according to its tenor and that if it is dishonored, he will compensate the holder or a subsequent endorser who is compelled to pay it. Therefore, refusing my lawful form of payment is a violation of the Bill of Exchange Act 1882 and the Consumer Protection Law.[3]

---

[1] Doc. Nos. 6-8.

[2] Doc. No. 8.

[3] Doc. No. 1 at 23.

1

The "lawful form of payment" appears to be a document Plaintiff drafted, which reads:

> I, Stanley, Marsha/Agent here on behalf of MARSHA STANLEY/Principal hereby accepts all title, rights, interest, and equity owed to the MARSHA STANLEY/Principal. I hereby instruct CFO Teresa McDermott or Indenture Trustee for PLANET HOME LENDING to apply the principal's balance to the principals account number #5200038122 each and every billing cycle. I hereby instruct the CFO Teresa McDermott or Indenture Trustee for PLANET HOME LENDING to respond in writing if these instructions can not [sic] be completed. You have five business days. If I do not receive anything in five business days, I can assume these instructions have been successfully performed.[4]

On documents titled "Payoff Statement", Plaintiff wrote "Pay to Bearer: I accept this positive credit. Apply to principal's account."[5] However, Defendant advised Plaintiff that it had "not received a valid form of payment" and the loan had not been paid off.[6] In response, Plaintiff sent an October 20, 2023, letter advising Defendant that it was in breach of contract for not accepting her "bill of exchange."[7]

## II.   APPLICABLE LAW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in a complaint "must be enough to raise a right to relief above the speculative level."[9] A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face."[10] "A claim has facial plausibility when the plaintiff pleads

---

[4] *Id.* at 24.

[5] *Id.* at 18, 25.

[6] *Id.* at 33.

[7] *Id.* at 35.

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[10] *Id.* at 570.

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[11] The Court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim.[12] The evaluation prompted by a 12(b)(6) motion requires the court to construe the complaint in the light most favorable to the plaintiff and to accept as true the factual allegations of the complaint.[13]

## III. DISCUSSION

Assuming there is personal jurisdiction over Defendant,[14] Plaintiff has failed to state a claim for which relief may be granted. Plaintiff asserts the following: she submitted a "bill of exchange" to pay off her mortgage and Defendant (or some other employee at Planet Home Lending) rejected the "bill of exchange" as valid payment. Defendant's rejection is entirely appropriate for two reasons: (1) "It is well settled that the delivery of a . . . bill of exchange as a means of paying a debt does not constitute absolute payment, but conditional payment only . . . The execution by a debtor to his creditor of a negotiable bill of exchange or draft for the amount of a precedent indebtedness does not, <u>unless the parties expressly so agree</u>, constitute a payment and discharge of the original indebtedness . . . ."[15] Obviously, Defendant did not expressly agree

---

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the plausibility standard does not require a probability but asks for more than a sheer possibility that a defendant has acted unlawfully).

[12] *Twombly*, 550 U.S. at 558, 556.

[13] *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); see also *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018).

[14] Jurisdiction is doubtful since Defendant's only involvement appears to be having been a recipient of a letter from Plaintiff. There is no allegation that Defendant has any contacts with Arkansas other than Plaintiff sending her a letter.

[15] *Dow v. Cowan*, 23 F.2d 646, 647–48 (8th Cir. 1927) (cleaned up) (emphasis added).

3

to this form of payment; (2) Plaintiff drafting a "bill of exchange" and claiming it resolves an outstanding debt do not make it so. Plaintiff's allegations are supported by neither the facts nor the law.

## CONCLUSION

For the reasons set out above, Defendants' Motion to Dismiss (Doc. No. 4) is GRANTED. This case is DISMISSED without prejudice.

IT IS SO ORDERED this 10th day of January, 2024.

_____
UNITED STATES DISTRICT JUDGE